# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CARL WILLIAMS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Civil Case No. 07-487-JPG-PMF |
| WARDEN EICHENLAUB, | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Carl Williams' §2241 petition for a writ of habeas corpus (Doc. No. 1). Williams filed this petition while he was confined at USP-Marion. He is challenging the outcome of a March 20, 2006, prison disciplinary proceeding. Williams claims that the disciplinary proceeding violated his due process rights in two respects: (1) the evidence presented was not adequate to support a finding that he knew a home-made weapon was concealed in his cell, and (2) he was not promptly notified about the charge against him. Respondent maintains that Williams' due process rights were not violated because some evidence supports the decision to impose sanctions and because late notice of the disciplinary charge does not offend a procedural due process right. The parties agree that Williams exhausted his available administrative remedies. Williams is currently a prisoner at FCI-Milan, Michigan.

## I. Background

In 2004, inmate William Moye was assigned to cell No. 222 in housing unit 6-B at USP-McCreary, Kentucky. Moye was the owner of a homemade weapon, which was fashioned by attaching a razor to a toothbrush. At some point, Moye hid the weapon inside a mattress in his cell.

Early in 2005, Moye moved to a different cell. Petitioner, Carl Williams, moved into cell No. 222. He was assigned to the low bunk. The mattress on that bunk contained the homemade weapon hidden by Moye. Williams lived in the cell for approximately 14 months. In March, 2006, he was sharing the cell with one other inmate.

On March 8, 2006, a correctional officer conducted a search of cell No. 222. While searching the low bunk, the officer discovered the homemade weapon inside the mattress. Williams was accused of violating a prison rule prohibiting inmates from possessing weapons. The disciplinary report was prepared on March 8, 2006.

The Bureau of Prisons has adopted policies and procedures that govern prison disciplinary proceedings. The applicable regulations provide that inmates should receive incident reports at the beginning of the investigation. Ordinarily, charges shall be given to the inmate within twenty-four hours after the inmate's involvement in misconduct is discovered. 28 C.F.R. §§ 541.14, 541.15. The hearing officer has an obligation to resolve conflicting evidence using a "greater weight of the evidence" standard. 28 C.F.R. § 541.17.

Williams was not notified of the charge within twenty-four hours. He was notified of the charge on March 14, 2006, approximately five days late. He denied the charge. Pending further investigation, Williams was reassigned to a cell in a special housing unit.

On March 16, 2006, Williams appeared before the unit disciplinary committee (UDC) and denied the charge again, explaining that he was not aware of the weapon.

On March 17, 2006, a hearing was conducted by a disciplinary hearing officer (DHO). At the time the hearing was held, neither Williams nor the DHO were aware of Mr. Moye's conduct. Williams denied the charge, saying he did not own the weapon or the toothbrush that had been used

2

to fabricate the weapon. He explained that he did not have problems getting along with other inmates and pointed out that he was accused of conduct that was inconsistent with his character. Williams was assisted by a staff member, who reported that Williams was a good worker who did not cause problems. The staff member further indicated that Williams had been assigned to the cell for approximately fourteen months.

The DHO found that Williams committed the prohibited act of possessing a weapon. He relied on these facts: (1) Williams occupied the cell for awhile, (2) the homemade weapon was discovered in the area of the cell assigned to Williams, and (3) Williams alone was responsible for items in his assigned area. The sanctions imposed included 41 days of disallowed good conduct time.

Williams filed administrative remedy appeals. At both levels of review, he took the position that he had never seen the homemade weapon and did not know it had been concealed inside his mattress. He accused a counselor of "planting" contraband inside his cell.

After Williams' administrative remedy requests were resolved, he learned about the conduct of William Moye and obtained Moye's affidavit (Doc. No. 1-3, pp. 14-15).

**II.    Habeas Relief**

A writ of habeas corpus may be granted if Williams is in custody in violation of the Constitution or treaties or laws of the United States. 28 U.S.C. § 2241(c)(3). Because loss of good time is a deprivation of a liberty interest, Williams is entitled to the procedural protections recognized in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) and *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985). In particular, Williams must receive advance written notice of the disciplinary charge and the decision to revoke good conduct credit must be supported by some evidence in the administrative record. Williams does not have a Constitutional

right to a disciplinary proceeding that complies with all of the policies and procedures adopted by the Bureau of Prisons. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.2001) (procedural steps do not create a cognizable liberty interest); *White v. Henman*, 977 F.2d 292, 295 (7th Cir.1992)( the violation of an administrative rule is not the same thing as a violation of the Constitution).

### III. Timely Notice

Williams did not receive his disciplinary charge within twenty-four hours after the homemade weapon was discovered in his cell. However, he did receive written notice of the disciplinary charge at least 24 hours in advance of the disciplinary hearing, which is all the Due Process Clause requires. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). This claim lacks merit.

### IV. Sufficiency of the Evidence

Williams also argues that the DHO's decision is not supported by the greater weight of the evidence. Respondent counters that some evidence supports the DHO's decision. Because the affidavit of inmate Moye was not presented to the DHO, it is not considered in gauging the sufficiency of the evidence supporting the decision.

As noted above, a disciplinary decision comports with due process if it is supported by "some evidence." This is a lenient standard. The question is whether any evidence presented to the DHO could support the conclusion that Williams possessed the homemade weapon.

The DHO's decision is based on evidence of constructive possession. While the weapon was not discovered on Williams' person, it was found inside his cell, in the mattress on his assigned bunk. In support of his position, Williams relies on the decision in *Clark v. Veltri*, No. 03-275-JPG (S.D. Ill. July 25, 2005)(drawing on criminal law to require some evidence of a "nexus" between an inmate and weapons discovered in a washroom adjoining his cell). The "nexus" approach to the concept of

4

constructive possession has not been used in a reported decision and has not been followed by this District, other Districts, or the Court of Appeals. In this instance, the Court should follow the Seventh Circuit's approach to constructive possession. In *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir.1992), the Seventh Circuit decided that evidence of constructive possession would qualify as "some evidence" so long as the contraband item is found in a location where only a few inmates have access. That approach has broad support. *See Mason v. Sargent*, 898 F.2d 679, 679-80 (8th Cir.1990) (upholding disciplinary charge against inmate where he and another inmate shared a locker and the other inmate admitted to putting contraband in the locker); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001)(evidence insufficient where contraband was found in the kitchen where the inmate and one hundred other inmates had access); and *Flulcher v. Kastner*, 2008 WL 2625848 (E.D.Tex June 30, 2008)(no constructive possession of $200 found inside petitioner's bedding where five inmates were assigned to the cube and 280 other inmates had free access to the cube).

The DHO was presented with information suggesting that a homemade weapon was found inside cell No. 222, in the mattress on the lower bunk. The DHO also reviewed evidence that Carl Williams was assigned to the lower bunk in that cell, which he shared with one other inmate, and had been a resident of that cell for a number of months. Because the evidence clearly shows that Carl Williams was one of a few inmates having access to the weapon, the DHO's decision is supported by some evidence.

**V. Conclusion**

IT IS RECOMMENDED that Carl Williams' § 2241 petition for a writ of habeas corpus (Doc. No. 1) be DENIED. This action should be dismissed.

SUBMITTED: __August 25, 2008__.

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

5