UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL WILLIAMS,

    Petitioner,

v.

WARDEN EICHENLAUB,

    Respondent.

Case No. 07-cv-847-JPG

# MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation (R&R) (Doc. 17) of Magistrate Judge Phillip M. Frazier recommending that the Court deny Petitioner's § 2241 petition for a writ of habeas corpus and dismiss the action. Petitioner Carl Williams (Williams) has filed an objection to the R&R.

## BACKGROUND

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## ANALYSIS

Petitioner does not object to Judge Frazier's findings of fact, and, finding no error, the Court adopts them here as its own. Nor does Williams object to Judge Frazier's recitation of the

relevant law, which the Court also adopts as its own, having found no error. Williams objects only to the conclusion reached in the R&R that the disciplinary hearing that resulted in the loss of his good time credit comparted with the Due Process clause of the Constitution. The Court has reviewed Judge Frazier's conclusion and agrees with it completely.

Williams received advance written notice of the disciplinary charge against him, and the decision to revoke his good conduct credit was supported by some evidence in the record. This is all that the Constitution requires. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985). The fact that BOP did not follow its own policy of furnishing an inmate with written notice of the disciplinary charge against him within 24 hours after discovery of the alleged violation does not amount to a constitutional violation. Additionally, the fact that the Disciplinary Hearing Officer (DHO) could have found - indeed, if later evidence had been available, probably would have found - that Williams did not possess the weapon found in his mattress, does not change the fact that the DHO's decision was supported by some evidence in the record. Therefore, the disciplinary hearing against Williams that resulted in the loss of some of his good time credit comported with Due Process.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 17) in its entirety. The Court **DENIES** Williams's petition for habeas corpus (Doc. 1) and **DISMISSES** the action. The

Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: September 15, 2008**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**